Filed 5/21/25  P. v. Price CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B335237 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA384881) |
| v. | |
| DONTAY JEROME PRICE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Gary V. Crooks, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

# INTRODUCTION

Dontay Jerome Price appeals the superior court's denial of his third petition for resentencing under Penal Code section 1172.6.[1]  The superior court denied Price's petition without issuing an order to show cause because it concluded he was ineligible for relief as a matter of law.  We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *Conviction and Sentence*

In 2011, Price and Gregorio Machuca were charged with attempted premeditated murder (§§ 187, subd. (a), 664, subd. (a)) in connection with a shooting on Washington Boulevard.  The information alleged that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and that a principal to the crime personally used and intentionally discharged a firearm (§ 12022.53, subds. (b), (c), (e)(1)).  Machuca was additionally charged with possession of a firearm by a felon (§ 12021, subd. (a)(1)), with the allegation that this offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).

Price and Machuca were tried together.  The People presented evidence at trial that Price was driving a Ford Focus with Machuca in the passenger seat when Machuca exited the car with a handgun and fired two to four gunshots at an unidentified man riding a bicycle.  The bicyclist abandoned the bicycle and fled on foot.  Machuca then returned to the car, and Price drove

---

[1]    All statutory references are to the Penal Code.

after the unidentified man. Witnesses heard more gunshots after Price drove away.

As relevant here, the trial court instructed the jury with CALCRIM No. 401 on direct aiding and abetting, CALCRIM No. 600 on attempted murder, and CALCRIM No. 601 on willful, deliberate, and premeditated murder. The jury was not instructed on the natural and probable consequences doctrine.

The jury convicted Price and Machuca on all counts and found the special allegations true, including the allegation that the attempted murder was committed "willfully, deliberately, and with premeditation." Price was sentenced to an aggregate prison term of 30 years to life. Machuca received an indeterminate prison term of 15 years to life and a determinate term of 23 years four months.

B.  *Section 1172.6 Petitions*

In June 2022, Price filed the petition for relief under section 1172.6 that is the subject of this appeal.[2] Price alleged he was convicted of attempted murder but could not presently be convicted because of changes made to sections 188 and 189 by Senate Bill No. 1437. Price requested the appointment of counsel. The People filed an opposition on November 1, 2022.

---

[2]  In 2019, Price filed a petition for resentencing under former section 1170.95, now section 1172.6. The trial court denied his petition because at that time the statute did not apply to attempted murder convictions. In 2021, Price filed a section 1172.6 petition, which the superior court also denied. Although section 1172.6 had been amended to apply to attempted murder convictions, the court determined the evidence at trial established Price had the intent to kill by aiding and abetting Machuca during the shooting and denied the petition.

3

The People argued Price's conviction was unaffected by the changes of Senate Bill No. 1437 because he was not convicted under the felony-murder rule or under the natural and probable consequences doctrine. The People further argued the record of conviction demonstrated Price acted with intent to kill because the jury found him guilty of attempted murder as an aider and abettor.

On December 8, 2022, Price's appointed counsel appeared at the scheduled hearing on his petition, and the reporter's transcript indicates the court set a future hearing on the petition.[3] For reasons that are unclear in the record, the next hearing on the petition was held on October 18, 2023. At that hearing, the court directed Price's counsel to "come back in a week and tell us in good faith if he's going to file a reply" to the People's opposition.

At the subsequent hearing on October 25, 2023, Price had still not filed a reply and, through counsel, submitted on the

---

[3] The December 8, 2022 minute order directly conflicts with the transcript of the hearing. The minute order states the court "terminated" the proceedings and that no future proceedings were scheduled. Price's appointed counsel subsequently filed a "motion to reconsider" on June 30, 2023, asking the court to set the matter for a hearing, which the court did. We credit the reporter's transcript of the December 8 hearing over the conflicting minute order. (See *People v. Harrison* (2005) 35 Cal.4th 208, 226; *People v. Anzalone* (2013) 56 Cal.4th 545, 552, fn. 6 [where "there is nothing to suggest that the reporter's transcript is incomplete, . . . we presume the court reporter accurately reported the proceedings"]; *In re T.G.* (2020) 58 Cal.App.5th 275, 298, fn. 20 [crediting reporter's transcript over minute orders that "include[d] findings that were not made" and directly conflicted with statements in hearing transcripts].)

4

prosecution's opposition.  The court denied the petition, concluding Price was ineligible for relief as a matter of law.

Price timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*

Effective 2019, Senate Bill No. 1437 amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, "'"to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."'" (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 891, italics omitted; accord, *People v. Reyes* (2023) 97 Cal.App.5th 292, 295.)

"Senate Bill 1437 also created a special procedural mechanism," formerly section 1170.95 and now section 1172.6, "for those convicted under the former law to seek retroactive relief under the law as amended." (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)  Section 1172.6 relief was initially restricted to defendants convicted of first or second degree murder.  But effective 2022, Senate Bill No. 775 expanded section 1172.6 relief to include defendants convicted of "'attempted murder under the natural and probable consequences doctrine.'" (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006; accord, *People v. Coley* (2022) 77 Cal.App.5th 539, 543-544 (*Coley*).)  Senate Bill No. 775 also expanded relief to defendants convicted of "murder under . . . [any] other theory under which malice is imputed to a person based solely on that person's

5

participation in a crime." (§ 1172.6, subd. (a); *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931 (*Berry-Vierwinden*).)

Under section 1172.6, "the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437." (*Strong*, *supra*, 13 Cal.5th at p. 708.) "'When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition "to determine whether the petitioner has made a prima facie case for relief." [Citations.] If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. [Citations.] If, instead the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause"' and hold a hearing to determine whether the petitioner is entitled to relief. (*People v. Curiel* (2023) 15 Cal.5th 433, 450 (*Curiel*).)

When the court considers a section 1172.6 petition at the prima facie stage, "'"'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.'"'" (*People v. Love* (2025) 107 Cal.App.5th 1280, 1287 (*Love*), quoting *People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court "is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of ineligibility" and "may deny the petition at the prima facie stage . . . if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter

6

of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211, citing *Lewis*, at pp. 970-972.) But, in assessing the prima facie showing, the court may not "reject the petitioner's allegations "'on credibility grounds'" or engage in "'factfinding involving the weighing of evidence or the exercise of discretion.'"'" (*Love*, at p. 1287, quoting *Lewis*, pp. 971-972.)

We independently review the court's determination that Price failed to make a prima facie showing for section 1172.6 relief. (See *People v. Ramos* (2024) 103 Cal.App.5th 460, 465; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

B.  *Price Does Not Establish a Prima Facie Case for Resentencing Under Section 1172.6*

Before Senate Bill Nos. 1437 and 775 amended the law, a defendant could be convicted of attempted murder as an aider and abettor on two theories: that he directly aided and abetted the attempted murder with the intent to kill, or that he intended to aid and abet a different offense, the natural and probable consequence of which was attempted murder. (See *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 456-457 (*Rodriguez*); accord, *People v. McCoy* (2001) 25 Cal.4th 1111, 1117-1118 (*McCoy*).)

While the Legislature eliminated the natural and probable consequences doctrine for murder and attempted murder, direct aiding and abetting liability for murder and attempted murder "remains a valid theory after Senate Bill No. 1437." (*Coley*, *supra*, 77 Cal.App.5th at p. 546; see *People v. Gentile* (2020) 10 Cal.5th 830, 848, superseded by statute as stated in *People v. Hin* (2025) 17 Cal.5th 401, 539; *People v. Sanchez* (2022) 75 Cal.App.5th 191, 196.) Accordingly, for a petitioner convicted

7

of attempted murder, section 1172.6 authorizes resentencing relief only if the petitioner was convicted under the natural and probable consequences doctrine. (See § 1172.6, subd. (a) ["A person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition" for resentencing.]; *Coley*, *supra*, 77 Cal.App.5th at p. 548 [section 1172.6 "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"]; accord, *Rodriguez*, *supra*, 103 Cal.App.5th at p. 457.)

Price concedes that at his trial the jury was not instructed on the natural and probable consequences doctrine. Instead, Price's jury was instructed on direct aiding and abetting liability with CALCRIM Nos. 400 and 401. Without the possibility that Price was convicted pursuant to the natural and probable consequences doctrine, Price does not state a prima facie case for resentencing on his attempted murder conviction. (See *Coley*, *supra*, 77 Cal.App.5th at p. 548 [petitioner convicted of attempted murder without natural and probable consequences jury instruction was ineligible for section 1172.6 resentencing]; accord, *People v. Hill* (2025) 109 Cal.App.5th 274, 290 [same].)

Price further argues the jury instructions permitted the jury to find him guilty of attempted murder on a theory of imputed malice. He contends that "[t]he version of CALCRIM 401 given in this case omitted the required element . . . that the defendant must personally have the specific intent to kill the victim" and thus "the jury may have imputed Machuca's intent to kill to Price because Price participated in the crime." Price further argues that an evidentiary hearing is necessary because the record does not conclusively establish that he committed "[t]he actus reus required of an aider and abettor."

8

Price does not demonstrate that CALCRIM No. 401 misadvised the jury on direct aiding and abetting liability for attempted murder. As relevant here, CALCRIM No. 401 instructed the jury: "Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime." As the Supreme Court explained in *People v. Lee* (2003) 31 Cal.4th 613, "to be guilty of attempted murder as an aider and abettor, a person must give aid or encouragement with knowledge of the direct perpetrator's intent to kill and with the purpose of facilitating the direct perpetrator's accomplishment of the intended killing—which means that the person guilty of attempted murder as an aider and abettor must intend to kill." (*Id.* at p. 624; see *People v. Beeman* (1984) 35 Cal.3d 547, 560 ["an aider and abettor will 'share' the perpetrator's specific intent when he or she knows the full extent of the perpetrator's criminal purpose and gives aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime"].) Thus, the language of CALCRIM No. 401 required the jury to find Price intended to kill the victim.

In all events, Price's contentions do not establish a prima facie case for section 1172.6 resentencing because they are unconnected to the changes to murder and attempted murder liability made by Senate Bill No. 1437. To establish a prima facie case, Price must make a showing that he "could not presently be convicted of . . . attempted murder because of changes to section 188 or 189" made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3); see *Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 935; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1172-1173;

9

*People v. Burns* (2023) 95 Cal.App.5th 862, 867-868 (*Burns*); accord, *Curiel, supra,* 15 Cal.5th at p. 461.)

Price presents a claim of instructional error that is not a basis for relief under section 1172.6. Indeed, at the time of Price's conviction in 2013, it was already clear that a direct aider and abettor to attempted murder must personally possess intent to kill. (See *McCoy, supra,* 25 Cal.4th at p. 1118 ["when guilt does not depend on the natural and probable consequences doctrine, . . . the aider and abettor must know and share the murderous intent of the actual perpetrator"].) "If [Price] believed that the trial court in his case prejudicially erred by instructing the jury" with flawed instructions on direct aiding and abetting liability, "he had every basis and opportunity to raise that issue on his direct appeal. Because recent enactments 'did not change accomplice liability for murder under direct aiding and abetting principles' [citations], [Price] is not entitled to relief." (*Burns, supra,* 95 Cal.App.5th at p. 869; accord, *Berry-Vierwinden, supra,* 97 Cal.App.5th at p. 936 [section 1172.6 does not permit a petitioner to raise "'a routine claim of instructional error' that 'could have been raised on [direct] appeal'"]; *Flores, supra,* 96 Cal.App.5th at pp. 1172-1173 [same].)[4]

---

[4] Price asserts for the first time on reply that CALCRIM No. 601 on deliberate, willful, and premeditated attempted murder also "imputed the perpetrator's malice to appellant." In a supplemental brief, Price concedes the version of CALCRIM No. 601 quoted in his reply does not appear in the record in his case and was not the instruction the jury was charged with at his trial. In their supplemental brief, the People argue that Price's argument that CALCRIM No. 601 "permitted the jury to impute malice is without merit." We agree.

10

## DISPOSITION

The order denying Price's section 1172.6 petition is affirmed.

MARTINEZ, P. J.

We concur:

SEGAL, J.

FEUER, J.

11